# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:11CR367-FDW-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| ADRIAN SHANKLE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on defense counsel's "Motion to Review Status of Counsel and To Withdraw" (Doc. 21) filed July 17, 2012. The Court conducted a hearing on this matter on July 24, 2012.

Having fully considered the arguments, the record, and the applicable authority, the Court finds that there is sufficient basis for allowing defense counsel to withdraw as discussed below.

Defendant is charged with distributing a controlled substance, distributing a controlled substance near a protected area, being a felon in possession of a firearm and possessing a firearm in furtherance of a drug trafficking crime. On April 20, 2012, Defendant's initial counsel, Rahwa Gebre-Egziabher, was removed from the case and Richard H. Tomberlin was appointed counsel. Ms. Gebre-Egziabher filed a Motion representing that she and Defendant had "reached an impasse in their communications" and "Mr. Shankle has indicated strongly that he wants new counsel . . ." (Doc. 12). Magistrate Judge David C. Keesler granted her Motion.

At today's hearing, the Court heard ex-parte representations by Mr. Tomberlin. Mr. Tombelin stated that he cannot effectively represent Defendant because of disagreements about legal issues and defenses. Mr. Tomberlin stated that communications with Defendant have broken down and that Defendant has threatened him. Defendant told the Court that he does not want Mr.

Tomberlin to represent him.

The Court clarified the attorney-client relationship and explained to Defendant that there are certain decisions that must be made by him and that other decisions must be made by counsel such as identifying legal issues, deciding what motions to file, and what arguments to make to the Court. The Court explained that counsel has an ethical obligation to file motions that have a basis in law and fact.

The Court also warned Defendant that his right to counsel "cannot be manipulated to delay proceedings or to hamper the prosecution." See United States v. Mullen, 32 F.3d 891, 897 (4th Cir. 1994)(citations omitted). Furthermore, a Defendant's dilatory tactics and unwillingness to work with counsel may result in the Court finding his actions to be a waiver by conduct of his right to counsel and a forfeiture of that right. United States v. Coleman, No. 3:09-CR-207, 2010 WL 4395358, at *5 (E.D.Va. October 28, 2010) (finding Defendant waived his right to counsel by filing three pro se motions, communicating regularly with the Clerk's Office and dismissing his attorneys when they failed to pursue his preferred courses of action).

After hearing from Mr. Tomberlin and Defendant ex-parte, the Court asked the Government's position on this Motion. The Government pointed out that this is Defendant's second appointed counsel and that there is a plea deadline of July 31, 2012 and a trial date of September 10, 2012.

Based on the above facts, the Court finds that there is sufficient basis for allowing defense counsel to withdraw. Therefore, Richard H. Tomberlin's "Motion to Review Status of Counsel and To Withdraw" (document #21) is **GRANTED**. That is, Mr. Tomberlin is removed as defense counsel and the Federal Defender's Office is directed to appoint new counsel.

The Clerk is directed to send copies of this Order to counsel for the parties; <u>and to the Honorable Frank D. Whitney</u>.

**SO ORDERED.**

Signed: July 24, 2012

David S. Cayer
United States Magistrate Judge